IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GWLADYS K. NARE and MANFRED L.S. NARE, Individually; GWLADYS K. NARE and MANFRED L.S. NARE, as PARENTS, NATURAL GUARDIANS and NEXT FRIENDS OF M.N. and M.N., minor children,<br><br>        Plaintiffs,<br><br>vs.<br><br>OMAHA DISCOVERY TRUST d/b/a KIEWIT LUMINARIUM, a Nebraska corporation,<br><br>        Defendant. | Case No. _____<br><br>COMPLAINT AND JURY DEMAND<br>(42 U.S.C §2000a and<br>42 U.S.C. §2000a-2) |

## Introduction

1. "We hold these truths to be self-evident, that all men are created equal…." The Declaration of Impendence, preamble.

    "The way to stop discrimination on the basis of race is to stop discriminating on the basis of race." *Parents Involved in Community Schools v. Seattle School District No. 1*, 551 U.S. 701, 748 (2007) (plurality opinion).

2. This is an action to vindicate Plaintiffs' rights under federal and local law.

## Parties and Jurisdiction

3. Gwladys and Manfred Nare are citizens of the United States. Their national origin is the country of Burkina Faso. Their race is Black or African-American. They are residents of Sarpy County, Nebraska.

1

4. Gwladys and Manfred Nare are husband and wife. They are the parents and natural guardians of two minor children: M.N. (a female) and M.N. (a male.) They bring this action on behalf of their two minor children and in their individual capacity.

5. Omaha Discovery Trust d/b/a Kiewit Luminarium is a Nebraska non-profit corporation. It owns and operates the establishment known as the Kiewit Luminarium; a place of exhibition or entertainment located at 345 Riverfront Drive, Omaha, Nebraska. Minor children are the target market for the Defendant's place of exhibition or entertainment.

6. Defendant's business is engaged in interstate commerce as it attracts customers who are residents of states other than Nebraska. Defendant's business customarily presents exhibitions and other sources of entertainment which move in commerce.

7. Defendant's business is a place of public accommodation within the meaning of 42 U.S.C. §2000a.

8. Jurisdiction is proper pursuant to 28 U.S.C. §1331 as this matter arises under the laws of the United States; specifically, 42 U.S.C. §§2000a, 2000a-2.

9. Jurisdiction is proper in this Court per 42 U.S.C. §2000a-6 without regard to whether the Plaintiffs have exhausted any administrative or other remedies as provided by law.

10. This court has ancillary or pendent jurisdiction of the Plaintiffs' claim arising under Omaha Municipal Code §13-84

11. Venue is proper in the District of Nebraska as all relevant events occurred within the District of Nebraska.

**FACTS**

12. On October 14, 2023, the federal holiday known as Columbus Day (5 U.S.C. §6103(a)), Defendant issued a press release and announced to the public that any member of a federally recognized Native American tribe was entitled to free admission upon the presentation of a piece of paper proving their membership in a Native American Tribe. The Defendant published this statement and policy on its website. The Defendant's policy will hereinafter be referred to as the "free-admission-based-upon-race-and-show-us-your-papers" policy.

13. Immediately prior to November 11, 2023, Plaintiffs paid the full admission price to the Kiewit Luminarium for two adults ($19.95) and one youth ($14.95); M.N. (male) is under the age of four and was not charged an admission price.

14. On November 11, 2023, at approximately 10:00 a.m., Plaintiffs sought a full refund for the admission prices they had paid. Their demand for refund was rejected because they are not Native Americans.

15. As a direct and proximate result of Defendant's actions and enactment of its free-admission-based-upon-race-and-show-us-your-papers policy, Plaintiffs have suffered the loss of dignity, emotional harm, the deprivation of their federal civil rights, deprivation of their local statutory rights, and special damages in an amount to be proven at trial.

**FIRST CAUSE OF ACTION – 42 U.S.C.§§ 2000a, 2000a-2**

16. Plaintiffs restate and incorporate the allegations of paragraphs 1 -15 as if fully set forth herein.

17. The Defendant's free-admission-based-upon-race-and-show-us-your-papers policy is, on its face, contrary to 42 U.S.C. §2000a and unlawful.

18. The Defendant's free-admission-based-upon-race-and-show-us-your-papers policy as applied to the Plaintiffs is racial discrimination, contrary to 42 U.S.C. §2000a and unlawful.

19. 42 U.S.C.§ 2000a was enacted on July 2, 1964. The statute is long-established as the law of the United States. This statute also codified the American belief about equality set forth in the Preamble to the Declaration of Independence.

20. All Americans know, or should know, that racial discrimination in public accommodations is strictly prohibited by federal law.

21. The Defendant's actions, as set forth in this Complaint, withheld and denied to Plaintiffs their rights and privileges as granted to them in 42 U.S.C. §2000a; said actions being unlawful and contrary to 42 U.S.C. §2000a-2.

22. Defendant's free-admission-based-upon-race-and-show-us-your-papers policy was established by Defendant as malicious, oppressive or in reckless disregard to Plaintiffs' federal civil rights.

23. Defendant's free-admission-based-upon-race-and-show-us-your-papers policy is reprehensible because if it is allowed to continue, it will pose a substantial risk of harm to people of all races who are not parties to this case. Minor children of all races should not be exposed or subjected to Defendant's unlawful and racially discriminatory policy as they then might come to believe that discrimination based upon race is allowed in the state of Nebraska.

24. As a direct and proximate result of Defendant's actions and enactment of its free-admission-based-upon-race-and-show-us-your-papers policy, Plaintiffs have suffered the loss of dignity, emotional harm, the deprivation of their federal civil rights, and special damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION – Omaha Municipal Code §13-84

25. Plaintiffs restate and incorporate the allegations of paragraphs 1-15 as if fully set forth herein.

26. Defendant's free-admission-based-upon-race-and-show-us-your-papers policy is contrary to Omaha Municipal Code §13-84 and unlawful.

27. Defendant's free-admission-based-upon-race-and-show-us-your-papers policy denied Plaintiffs the full and equal enjoyment of Defendant's place of public accommodation.

28. Defendant's free-admission-based-upon-race-and-show-up-your-papers policy discriminated against the Plaintiffs in Defendant's place of public accommodation.

29. Defendant's free-admission-based-upon-race-and-show-us-your-papers policy is posted and published on Defendant's website. On its face, the policy indicates that the full and equal enjoyment of the services, privileges, advantages, and accommodations of place of public accommodation will be refused, withheld from, or denied to individuals because of race, color or national origin.

30. As a direct and proximate result of Defendant's actions and enactment of its free-admission-based-upon-race-and-show-us-your-papers policy, Plaintiffs have

suffered the loss of dignity, emotional harm, deprivation of their local statutory rights, and special damages in an amount to be proven at trial.

## RELIEF REQUESTED

31. Based upon the foregoing, Plaintiffs pray for judgment against the Defendants as follows:

   A. A preliminary and permanent injunction restraining and preventing the Defendant from continuing its free-admission-based-upon-race-and-show-us-your-papers policy;

   B. For attorney's fees as allowed by 42 U.S.C. §2000a-3(b);

   C. General and special damages as allowed by law;

   D. For punitive damages as allowed by federal law on their First Cause of Action; and

   E. For the costs of this action.

## DEMAND FOR A JURY TRIAL

32. Pursuant to F. R. Civ. P. 38(b), Plaintiffs demand trial by jury of all issues so triable and that the trial be held in Omaha, Nebraska.

Dated this 29th day of November, 2023.

> GWLADYS K. NARE, MANFRED L. S. NARE, Individually and as Parents, Next Friends and Guardians of M.N. and M.N., minor children
>
> By: s/ *David D. Begley*
> David D. Begley, #16795
> Elder Law and Estate Planning of Nebraska,
> David D. Begley, P.C., L.L.O.
> 4611 S. 96th Street, Suite 234
> Omaha, NE 68127
> (402) 915-0097
> dbegley@lawyer.com